**ABC HOME HEALTH SERVICES, INC., et al., Plaintiffs,**

v.

**AETNA LIFE INSURANCE COMPANY, et al., Defendants.**

**Civ. A. No. 292–285.**

United States District Court,
S.D. Georgia,
Brunswick Division.

March 7, 1995.

James A. Bishop, Bishop & Lindberg, Lisa Sue Godbey, Wallace Eugene Harrell, Gilbert, Harrell, Gilbert et al., Brunswick, GA, H. Wayne Phears, Jenny E. Jensen, Phears & Moldovan, Norcross, GA, Carl Foster Lindberg, Brunswick, GA, for ABC Home Health Services, Inc.

James A. Bishop, Bishop & Lindberg, Brunswick, GA, H. Wayne Phears, Jenny E. Jensen, Phears & Moldovan, Norcross, GA, Carl Foster Lindberg, Brunswick, GA, for ABC Home Health Services of Alabama, Inc., ABC Home Health Services of California, Inc., ABC Home Health Services of Colorado, Inc., North Broward Home Health, Inc., Home Health Technicians and Hospice of Atlanta, Inc., ABC Home Health Services of Valdosta, Inc., ABC Home Health Services of Illinois, Inc., ABC Home Health Services of Michigan, Inc., ABC Home Health Services of New Mexico, Inc., ABC Home Health Services of Pennsylvania, Inc., ABC Home Health Services of Tennessee, Inc., ABC

Home Health Services of Virginia, Inc., ABC Home Health Services of Texas, Inc., ABC Home Health Services of Florida, Inc., ABC Home Health Services of Arkansas, Inc.

Lawrence B. Lee, Savannah, GA, F. Richard Waitsman, U.S. Dept. of Health & Human Services—Office of Gen. Counsel, Atlanta, GA, Thomas C. Dearing, Thomas B. Constantine, Leboeuf, Lamb, Greene & Macrae, Jacksonville, FL, for Aetna Life Ins. Co., Glenn Voigt.

Lawrence B. Lee, Savannah, GA, F. Richard Waitsman, Lana S. Sensenig, U.S. Dept. of Health & Human Services—Office of Gen. Counsel, Atlanta, GA, for Louis W. Sullivan.

Phillip A. Bradley, Long, Aldridge & Norman, Atlanta, GA, William J. Cooney, Augusta, GA, for Healthmaster, Inc., Queen Bee Travel, Inc., Jeanette Garrison, Joseph Garrison.

William J. Cooney, Augusta, GA, for Master Health Plan, Inc.

Lawrence B. Lee, Savannah, GA, for the U.S.

Phillip A. Bradley, Long, Aldridge & Norman, Atlanta, GA, for Lynette Bragg, Carolyn Brantley, Mike Haddle.

Joseph Hixon Huff, Kilpatrick & Cody, Augusta, GA, Phillip A. Bradley, Long, Aldridge & Norman, Joe D. Whitley, James F. Bogan, III, Kilpatrick & Cody, Atlanta, GA, for Dennis Kelly.

Phillip A. Bradley, Long, Aldridge & Norman, Atlanta, GA, Edward Donald Tolley, Cook, Noell, Tolley & Aldridge, Athens, GA, for Noel O. Ingram.

Jesse Watson Hill, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, Phillip A. Bradley, Long, Aldridge & Norman, Kimberly C. Harris, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, for Cassandra Leverette.

William C. Joy, Mary Foil Russell, Atlanta, GA, for James G. Ledbetter, Richard Minter, Martin J. Rotter, Susie Woods.

Kimberly C. Harris, Powell, Goldstein, Frazer & Murphy, Atlanta, GA, for Susan M. Bruce, H. Dean Beasley.

## ORDER

ALAIMO, District Judge.

In this action, Plaintiff, ABC Home Health Services, Inc. ("ABC"), contends that its fiscal intermediary under the Medicare program, Aetna Life Insurance Company ("Aetna"), sought to destroy ABC through the Medicare audit process. Specifically, ABC claims that Aetna's audit decisions were biased, thereby depriving ABC of its right to a fair and impartial intermediary. As relief, ABC has requested (1) a new fiscal intermediary and (2) reaudits for 1987 through 1991.

Pending before the Court is the issue of whether the Court has subject matter jurisdiction. As discussed below, the Court has subject matter jurisdiction over ABC's request for a new fiscal intermediary. With respect to ABC's request for reaudits, however, the Court does not have subject matter jurisdiction because ABC has not exhausted its administrative remedies.

### FACTUAL BACKGROUND

ABC is a large home health care provider which participates in the federal Medicare program. Under the program, Medicare reimburses ABC for the "reasonable cost" of providing health services to Medicare beneficiaries. 42 U.S.C. § 1395x(v)(1)(A). Reimbursement is administered by the Health Care Financing Administration ("HCFA") through what is known as a "fiscal intermediary." Fiscal intermediaries are appointed by the Medicare program to handle the auditing and reimbursement of Medicare claims. 42 U.S.C. § 1395h(e) and 42 C.F.R. § 421.117. Pursuant to federal regulations, the fiscal intermediary has substantial control over the amount of money a Medicare provider receives in reimbursements. 42 C.F.R. § 421.100. For example, during the audit process, the fiscal intermediary scrutinizes the provider's annual cost report and determines whether a provider has been overpaid by Medicare for a given year. If the intermediary so finds, the provider is directed to repay the funds to the Medicare program. *See generally* 42 U.S.C. § 1395g.

Aetna Life Insurance Company was appointed to serve as ABC's fiscal intermediary. According to ABC, Aetna engaged in

an intentional course of conduct designed to injure and destroy ABC. ABC claims Aetna delayed Medicare reimbursement payments and disallowed ABC's costs and expenses when such costs and expenses were routinely allowed to other providers. ABC also claims that as a result of Aetna's biased audits, ABC has been forced to repay millions of dollars to Medicare.

On June 28, 1991, ABC requested a change of intermediary pursuant to 42 C.F.R. § 421.106. This section provides that:

 (a) Any provider may request a change of intermediary ... by—

 (1) Giving HCFA written notice of its desire at least 120 days before the end of its current fiscal year; and

 (2) Concurrently giving written notice to its intermediary.

 (b) If HCFA finds the change is consistent with effective and efficient administration of the program and approves the request under paragraph (a) of this section, it will notify the provider, the outgoing intermediary, and the newly-elected intermediary (if any) that the change will be effective on the first day following the close of the fiscal year in which the request was filed.

42 C.F.R. § 421.106.

ABC's request was denied on September 9, 1991.

## PROCEDURAL BACKGROUND

On May 9, 1993, during the pendency of this litigation, ABC submitted a second request for a new intermediary to William R. Lyons, Associate Regional Administrator. This second request was denied on October 4, 1993. Shortly thereafter, Defendants filed a Motion to Affirm the Decision of the Associate Regional Administrator (Dkt. # 94), and later, a Renewed Motion to Affirm the Decision of the Associate Regional Administrator (Dkt. # 220). While the renewed motion was still pending, the parties engaged in settlement negotiations during which Aetna and HCFA made an initial offer to grant ABC's request for a new fiscal intermediary.

Previous orders issued by the Court indicated that the only issue over which the Court had subject matter jurisdiction was ABC's request for a new fiscal intermediary. *See, e.g.,* Order, May 13, 1993 (Dkt. # 66); Order, September 1, 1993 (Dkt. # 78); Order, April 28, 1994 (Dkt. # 171). Accordingly, Defendants opined that once they granted ABC's request for a new fiscal intermediary, the case would be dismissed.

Based on this analysis, Defendants filed a "Conditional Offer of Dismissal" (Dkt. # 373). In this document, Defendants offered to change ABC's fiscal intermediary *if* the Court would confirm that its prior orders withdrew subject matter jurisdiction over all issues except ABC's request for a new fiscal intermediary. Upon consideration of the "Conditional Offer of Dismissal," the Court dismissed the case:

> THEREFORE, it is ORDERED, that the Plaintiffs' claim for a change of intermediary is moot. Plaintiffs' claims for injunctive relief, including the claims for reaudits of years 1987–1991, are dismissed for lack of subject matter jurisdiction. Having addressed all claims for relief, this action is dismissed, with prejudice.

Order, December 19, 1994 (Dkt. # 376).

ABC then filed a Motion for Reconsideration (Dkt. # 384) arguing that the Court dismissed the case without allowing ABC to respond to Defendants' "Conditional Offer of Dismissal." On this ground, the Court vacated the dismissal and heard oral arguments on the issue of why the Court should or should not reinstate the dismissal. Arguments took place on February 22, 1995.

Based upon these oral arguments and written briefs filed in conjunction with ABC's Motion for Reconsideration, the Court renders this instant decision.

## DISCUSSION

In December of 1992, ABC filed this federal question action seeking to (1) obtain a new fiscal intermediary under the Medicare program, and (2) enjoin its current intermediary, Aetna Life Insurance Company, from collecting reimbursement money until the new intermediary can perform audits for fiscal years 1987 through 1989. As discussed below, the Court has subject matter jurisdiction

over ABC's request for a new intermediary. As to ABC's second request, which is now characterized as a request for reaudits, the Court lacks subject matter jurisdiction because ABC has not exhausted its administrative remedies.

While no formal motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure is pending before the Court, the parties have addressed the issue of subject matter jurisdiction through written briefs and oral argument. Accordingly, the Court will apply the standards applicable to 12(b)(1) motions.

## I. *Motions To Dismiss Under Rule 12(b)(1)*

■ Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a complaint on the ground that the Court lacks subject matter jurisdiction. A 12(b)(1) motion can take either of two forms. A facial attack on the complaint requires the court to assess whether the plaintiff has alleged a sufficient basis of subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980)). For purposes of a "facial attack," the allegations in the complaint are taken as true. *Lawrence*, 919 F.2d at 1529.

■ A factual attack on the complaint challenges the court's subject matter jurisdiction "in fact." *Id.* In evaluating a factual attack, the Court may consider matters outside the pleadings, and "no presumptive truthfulness attaches to plaintiff's allega-

tions." *Id.* Furthermore, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

As discussed below, under either of these standards, the Court lacks subject matter jurisdiction to entertain ABC's request for reaudits because ABC has not exhausted administrative remedies.

## II. *District Court Jurisdiction Over Medicare Disputes*

■ Under 42 U.S.C. § 405(h), a plaintiff must exhaust administrative remedies before obtaining judicial review of claims "arising under" the Medicare act.[1] According to the Supreme Court, a claim "aris[es] under" the Medicare act if it challenges a determination of the amount of benefits to be awarded, *see Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 678, 106 S.Ct. 2133, 2140, 90 L.Ed.2d 623 (1986), or is "inextricably entwined" with a claim for benefits. *See Heckler v. Ringer*, 466 U.S. 602, 624, 104 S.Ct. 2013, 2026, 80 L.Ed.2d 622 (1984).

In its complaint, ABC requested two forms of relief: (1) a new fiscal intermediary, and (2) reaudits for 1987–1989. As discussed below, the latter "arises under" the Medicare act for purposes of 42 U.S.C. § 405(h) while the former does not.

## III. *ABC's Request For A New Fiscal Intermediary*

■ On September 1, 1993, the Court held that ABC's request for a new fiscal intermediary does not relate to a claim for benefits under the Medicare program and, therefore,

---

1. Section 405(h) provides that:
 The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or government agency *except as herein provided.* No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or section 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (1988) (emphasis added).
 Section 405(g) provides for judicial review: Any individual, *after any final decision of the Secretary* made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action shall be brought in the district court ...
42 U.S.C. § 405(g) (1988) (emphasis added).

is not subject to the exhaustion requirement of 42 U.S.C. § 405(h). Order, September 1, 1993 (Dkt. #78) at 6–7. Accordingly, the Court has subject matter jurisdiction over ABC's request for a new intermediary. 28 U.S.C. § 1331.

During settlement negotiations in December of 1994, Aetna and HCFA offered to grant ABC's request for a new intermediary. Defendants then submitted a "Conditional Offer of Dismissal" which stated that if the Court would confirm that its jurisdiction is limited to the change of intermediary request, and "[c]ontingent on the Court's jurisdiction being thus limited, Defendant Aetna Life Insurance ('Aetna') will file a request with the Health Care Financing Administration ('HCFA'), seeking to have ABC transferred to another fiscal intermediary, and HCFA will agree to effect the transfer." (Defs.' Conditional Offer of Dismissal (Dkt. #373) at 1).

The Court finds that Defendants have not made a binding and unconditional offer to grant ABC's request for a new intermediary. Accordingly, the Court retains jurisdiction over this issue and will set it down for trial in due course.

## IV. *ABC's Request For Reaudits*

■ The remaining portion of ABC's complaint requests an injunction to prevent Aetna from withholding funds from ABC or reducing its reimbursement until the new intermediary can perform audits for fiscal years 1987 through 1989. Complaint at ¶ 47. ABC now characterizes this part of its complaint as a request that the Court (1) invalidate Aetna's audits for 1987 and 1988, and (2) enjoin Aetna from completing audits for 1989, 1990 and 1991. (Pls.' Br. in Supp. of Mot. for Reconsideration at 10, 22; Oral

2. Generally, if a Medicare provider is dissatisfied with the intermediary's determination, the provider may, within 180 days, request a hearing before the Provider Reimbursement Review Board ("PRRB"). 42 U.S.C. § 1395oo.

Within 60 days after a PRRB decision is issued, the Secretary may on his or her own initiative, or acting through the Deputy Administrator

Argument, February 22, 1995). According to ABC, if the Court invalidates Aetna's audits, it will be up to HCFA to decide whether the new intermediary should reaudit ABC. (Pls.' Br. in Supp. of Mot. for Reconsideration at 6, n. 2) For simplicity's sake, the Court refers to this part of the complaint as ABC's request for reaudits.

The Court finds that ABC's request for reaudits is "inextricably intertwined" with a claim for Medicare benefits. *Heckler,* 466 U.S. at 624, 104 S.Ct. at 2026. Accordingly, ABC must exhaust administrative remedies before the Court can exercise jurisdiction over the reaudit issue. 42 U.S.C. §§ 405(g) & 405(h); *see, e.g., V.N.A. of Greater Tift County, Inc. v. Heckler,* 711 F.2d 1020, 1032 (11th Cir.1983), *cert. denied,* 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984) (noting that Medicare Act "removes jurisdiction from the courts to review a reimbursement decision before a PRRB decision has been rendered"); *Farkas v. Blue Cross & Blue Shield of Michigan,* 24 F.3d 853, 861 (6th Cir.1994) (judicial review appropriate only after § 405(g) requirements have been satisfied).

It is undisputed that ABC has not fully complied with the regulations requiring it to submit audit disputes to the Provider Reimbursement Review Board.[2] Accordingly, the Court has no jurisdiction over this part of ABC's claim until ABC complies with the administrative remedies provided for in the Medicare Act. This portion of ABC's complaint is hereby dismissed, without prejudice.

## V. *Supplemental Jurisdiction*

ABC contends that the Court may entertain ABC's request for reaudits through the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). That section provides, in pertinent part:

of the Health Care Financing Administration, reverse, affirm, or modify that decision. 42 U.S.C. § 1395oo(f)(1); 42 C.F.R. § 405.1875. The district court has jurisdiction to review the final decision of the PRRB or the Secretary. 42 U.S.C. § 405(g); *see also, V.N.A. of Greater Tift County, Inc.,* 711 F.2d at 1023.

*Except as ... expressly provided otherwise by Federal statute,* in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (enacted December 1, 1990). Emphasis added.

ABC argues that because the Court has jurisdiction over the request for a new intermediary, it can exercise supplemental jurisdiction over the request for reaudits as "part of the same case or controversy." *Id.*

 Section 1367, in part, codifies the case law doctrine of "pendant jurisdiction." Under pendant jurisdiction, a federal court may entertain a jurisdictionally inadequate state claim if it is joined with a jurisdictionally adequate federal claim involving the same event or transaction. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). This case, however, does not involve any state claims. Rather, ABC asks the Court to exercise supplemental jurisdiction over a jurisdictionally inadequate *federal* claim because it is joined with jurisdictionally adequate federal claim involving the same event or transaction.

 The Court is unaware of any instance in which supplemental jurisdiction has been used to support a jurisdictionally inadequate federal claim. Furthermore, the plain language of § 1367(a) prevents the application of supplemental jurisdiction in this case. That section provides that a district court will have supplemental jurisdiction over all related claims unless "expressly provided otherwise by Federal statute." 28 U.S.C. § 1367(a). Here, Congress has "expressly provided otherwise by Federal statute." *Id.* Under 42 U.S.C. § 405(g), the Court may not exercise jurisdiction over ABC's request for reaudits unless ABC obtains a "final decision of the Secretary" and commences a civil action within the statutorily mandated time. 42 U.S.C. § 405(g). Accordingly, the Court does not have supplemental jurisdiction over ABC's request for reaudits.

## CONCLUSION

The Court has subject matter jurisdiction over ABC's request for a new intermediary.

As to all other relief requested in the complaint, the Court lacks subject matter jurisdiction because ABC has not exhausted administrative remedies. This portion of the complaint is therefore dismissed, without prejudice.

ABC's Motion for Reconsideration (Dkt. # 384) is dismissed. The Court's Order of December 19, 1994 (Dkt. # 376) remains vacated.

**SO ORDERED.**